IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTY CHRIS TAYLOR,

    Plaintiff,                    No. CIV S-06-961 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                  ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////
/////
/////
/////
/////

1

I. Factual and Procedural Background

In a decision dated February 16, 2006, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of a learning disability, residuals from a history of substance abuse, and continued intermittent substance abuse but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform unskilled work; plaintiff has no past relevant work; using Medical-Vocational Guidelines 204.00 and 202.10, there are a significant number of

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

jobs that plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 26-27. Plaintiff contends the ALJ failed to properly develop the record.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends the ALJ committed error by failing to obtain neuropsychiatric testing and thereby failing to appropriately develop the record. Disability hearings are not adversarial. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v.

1  Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when
2  claimant is represented).  Whether evidence raises an issue requiring the ALJ to investigate
3  further depends on the case.  Generally, there must be some objective evidence suggesting a
4  condition that could have a material impact on the disability decision.  See Smolen v. Chater, 80
5  F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939
6  F.2d 680, 682 (9th Cir. 1991).  "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an
7  appropriate inquiry.'"  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting
8  Smolen, 80 F.3d at 1288).

9           Plaintiff contends the ALJ should have obtained neuropsychiatric testing because
10  it was requested by counsel for plaintiff, was suggested by the Appeals Council on remand, and
11  the testifying expert concluded that prior testing was invalid because plaintiff should have been
12  given nonverbal tests to assess whether or not plaintiff was mentally retarded.  See AT 73, 92,
13  119.  In concluding that plaintiff did not meet or equal Listing 12.05C (mental retardation), the
14  ALJ noted that plaintiff's earlier IQ scores were above 70, indicating that plaintiff did not have
15  mental retardation during the developmental stages, as is required under Listing 12.05C.  AT 22,
16  460.  While plaintiff is correct that the testifying expert, Dr. Walter, stated he could not testify
17  accurately because plaintiff was never tested correctly, that testimony must be read in context.
18  AT 92.  The expert testified he could not properly assess whether the low IQ scores assessed by
19  Dr. Richwerger, which indicated mild mental retardation, were accurate because the testing that
20  should have been given to plaintiff, who had a first grade reading ability, was a nonverbal test.
21  AT 92, 446.  In context, then, the expert was suggesting that with the proper testing, plaintiff's
22  IQ scores would have been higher, but Dr. Richwerger's results were artificially lowered because
23  of the inappropriate testing modality.  Thus, further testing by a neuropsychiatrist would be
24  unlikely to further plaintiff's claim of meeting Listing 12.05C.  Dr. Walter's opinion regarding
25  the invalidity of the testing also is supported by Dr. Richwerger's own observations questioning
26  the validity of the verbal testing, noting the inconsistency of the test results when compared with

plaintiff's overall cognitive ability.  AT 447.  In addition, Dr. Walter testified that he had accounted for plaintiff's educational background in concluding plaintiff was capable of performing simple tasks and this conclusion also is supported by Dr. Richwerger.  AT 22-23, 91-92, 450.

With respect to the Appeals Council suggestion of further neuropsychiatric testing, again this must be read in context.  The Appeals Council remanded the action after overturning the decision of the prior ALJ, concluding that the evidence of record was insufficient to support a finding that plaintiff met Listing 12.05C.  AT 119.  The Appeals Council suggested but did not require further testing, leaving ultimate resolution to the discretion of the ALJ.  Id.  As discussed above, further neuropsychiatric testing would not help plaintiff with respect to meeting Listing 12.05C.  With respect to other mental impairments, the ALJ accurately noted plaintiff had not submitted any evidence of a deteriorating mental condition, and in fact, because of plaintiff's cessation of drug use, his mental condition was likely to improve.  AT 24, 75, 93.  The ALJ set forth cogent reasons for concluding further neuropsychiatric testing was not warranted.  AT 24.  Reviewing the record as a whole, the court finds the ALJ did not fail in his duty to properly develop the record.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 25, 2007.

_____
U.S. MAGISTRATE JUDGE

006
taylor.ss